UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS 6

| Case No. | CV 09-2627 DSF (Ex) | Date | 5/14/09 |
|---|---|---|---|
| Title | John Matthews v. Option One Mortgage Corp., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Matter to the Superior Court of California, Los Angeles County

This matter was removed to federal court based on federal question jurisdiction. There is no federal claim pleaded on the face of the complaint and no federal statutes or standards are otherwise mentioned in the allegations. Defendant, Deutsche Bank, in its notice of removal argues that Plaintiff's claims "include[] allegations that bring into question disclosures of the original loan" and "includ[e] implications as to violations of the federal Truth-In-Lending Act." (Notice of Removal ¶ 9.)

It is settled Ninth Circuit law that there is a "strong presumption" against removal jurisdiction, and that the defendant always has the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). It is also settled law that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted).

This is not a matter of "artful pleading," but rather one where the plaintiff has consciously chosen to plead only a state law claim instead of a federal one. "[I]f [a plaintiff] can maintain his claim on both state and federal grounds, he may ignore the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS 6

federal question and assert only a state law claim and defeat removal." <u>Redwood Theaters, Inc. v. Festival Enterprises, Inc.</u>, 908 F.2d 477, 479 (9th Cir. 1990). Under the artful pleading doctrine, a court can only recharacterize a plaintiff's claims if "the particular conduct complained of is governed exclusively by federal law." <u>Id.</u> The notice of removal does not claim that the federal Truth in Lending Act completely preempts state law and gives no other grounds for recharacterizing the claims in the complaint.

    This matter is REMANDED to the Superior Court of California, Los Angeles County.

    IT IS SO ORDERED.